BRUSH-SWAN LIGHT & POWER COMPANY v. FREDERICK A. GARDINER AND ALFRED BAXTER.

*Evidence of negotiations resulting in a contract, and its subsequent modification, when admissible.*

1. Where suit is brought for the alleged violation of a contract which took the place of one made earlier in the same season, both being verbal, and the declaration sets forth both agreements, it is not error to admit testimony on the part of the defendants concerning the entire negotiations, which the record shows were practically continuous.

2. The remaining questions decided are so dependent upon the facts of this case, as stated in the opinion, that reference is had thereto for a discussion of the same.

Error to Kent. (Montgomery, J.)   Argued January 15, 1886.   Decided January 27, 1886.

Assumpsit.   Plaintiff brings error.   Affirmed.

*William E. Grove,* for appellant.

*Stuart & Sweet,* for defendants.

CAMPBELL, C. J.   Defendants were owners of an establishment in Grand Rapids for the sale of gentlemen's furnishing goods, including shirts and other articles in that line, and had, previous to the summer of 1884, no laundry of their own or on their premises, but were contemplating putting in an engine and boiler for that purpose.  Having arranged for the purchase of one through the Michigan Iron Works, Light & Power Company, of which Henry D. Wallen was manager, Mr. Wallen opened the subject of obtaining the privilege of using their premises and power to make a trial and public exhibition of a new electric light.

The idea, as claimed by plaintiffs (whom Mr. Wallen in this matter represented), was, that plaintiffs would put in the necessary electric apparatus, and pay the engineer and fuel

bills for the time agreed on, of two months, and furnish defendants sufficient incandescent light; and plaintiffs claim defendant was to use this light, and pay at a rate conforming to their previous expense, and give up their other gas and arc lights, so as to enable the experiment to go on.

There is some conflict on several points, but this is an outline of the case so far as material to begin with. The apparatus was put in and work begun early in July, but it turned out a failure, partly, if not entirely, from the inadequacy of the apparatus for furnishing electricity. This machine was taken out, and further arrangements proposed and agreed upon to substitute a new style of apparatus, working directly without storage, and for new experiments, which began in the latter part of December. After this, plaintiffs claim defendants did not live up to their bargain in furnishing power, and in using these lights exclusively; and defendants claim a failure on the part of plaintiffs to fulfill their engagements. Defendants finally detached the motive power from the apparatus, and refused to have it continued.

Plaintiffs bring this suit to recover for defendants' alleged wrong in violating the contract. Defendants claim that they were justified in what they did, and so the jury found. Errors are assigned which rest upon a very few questions.

The first error assigned relates to allowing defendant, Baxter, to relate a conversation with one Holcomb, an agent of plaintiffs, concerning the storage battery, which was the first apparatus put in. The ground of the objection was that this conversation was had before the defendants had determined to furnish their own steam-power, which entered into the subsequent contract. We can see no objection to this testimony. The declaration itself goes back to the summer arrangement, which was given up for the later one; and from the record it is easy to see, that, throughout the whole dealings, which were all verbal, the parties acted in view of all of the earlier statements and propositions. Their negotiations were practically continuous, and without the whole of them it would not be easy to understand fully any of the later transactions.

The second assignment relates to the refusal to charge according to a special request, which was in effect that the inferior or worthless quality of the light furnished by plaintiffs would constitute no breach of contract, but would only bear on the amount which plaintiffs should recover for furnishing it, such as it was. The same idea is repeated in exceptions to the charge of the court, which assume that one of the considerations for defendants' undertaking was that plaintiffs should furnish light. The court sufficiently distinguished between a failure of light by plaintiffs' fault, and failure by defendants' fault.

It is enough to say that in the declaration itself, the lighting of the store by incandescent electrical light was one of the chief considerations relied upon. This meant adequate light; and, inasmuch as one of the grievances relied on by plaintiffs, is the failure of defendants to put out all other lights so as to leave plaintiffs' lights the only ones, it would be unreasonable to imagine that defendants were to submit to having their business interfered with, and interrupted by imperfect lighting or by darkness, without cause of complaint. The testimony shows, and common sense indicates, that it would have been extreme folly to submit to all the inconveniences and annoyances attendant on such experiments, without some beneficial result as their outcome. There was no error in any of these rulings. Defendants were not bound to have their business interests continuously impaired when the plaintiffs failed to make their apparatus work to any advantage.

As the jury found that plaintiffs had no cause of action, it is not clear how the rulings as to damages became important. But the court ruled correctly that the plaintiffs could recover no damages for the expense of experiments, which failed on other grounds than the fault of defendants; and we do not see on what principle defendants are bound to keep and pay for material used in abortive experiments, which was not sought or desired for any other reason. There was no testimony, as the court suggested, of any substantial loss in value in this material; but, if there was any error at all in this

regard, it was in leaving the jury to infer that defendants might be bound to pay damages for this material, even if not in fault.   Such was probably not the idea intended to be conveyed, and the verdict of the jury has disposed of it correctly, if, as they must have done, they exonerated defendants from fault.

We find no error, and the judgment must be affirmed.

SHERWOOD and CHAMPLIN, JJ., concurred.

MORSE, J., did not sit.